# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:17-cv-00118-MR
# [CRIMINAL CASE NO. 1:11-cr-00096-MR-DLH-1]

| | |
|---|---|
| GERALD CLARENCE RICH, SR., ) | |
| ) | |
| Petitioner, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1]. For the reasons that follow, the Court dismisses the petition.

## PROCEDURAL HISTORY

On February 22, 2012, the Petitioner pleaded guilty without a plea agreement to one count of transportation of child pornography, and aiding and abetting the same, in violation of 18 U.S.C. §§ 2252(a)(1), 2252(b) and 18 U.S.C. § 2, and one count of possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b). A Presentence Report ("PSR") was prepared in advance of the Petitioner's sentencing. In the PSR, the

probation officer recommended an advisory Guideline range of 210 to 240 months. On September 18, 2013, this Court sentenced Petitioner to a term of 120 months' imprisonment. [Crim. Case No. 1:11-cr-00096-MR-DLH-1 ("CR"), Doc. 23: Judgment]. An Amended Judgment was entered on November 16, 2013, to address the issue of restitution. [CR Doc. 27: Amended Judgment]. Petitioner did not appeal.

Petitioner placed the instant motion to vacate in the prison mailing system on April 17, 2017, and it was docketed in this Court on April 21, 2017. [Doc. 1]. In his motion, Petitioner seeks sentencing relief pursuant to Amendment 801 to the United States Sentencing Guidelines, which became effective on November 1, 2016. [Id.].

## STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## DISCUSSION

Petitioner is not entitled to relief under Section 2255. Here, the claim Petitioner purports to raise is in substance one for sentencing relief under 18 U.S.C. § 3852, based on a retroactive application of an amendment to the sentencing guidelines. Petitioner must seek such relief on this claim, if at all, by filing a motion in his criminal case. See United States v. Jones, 143 F. App'x 526, 527 (4th Cir. 2005) (holding that the district court erred in construing the petitioners' motions under 18 U.S.C. § 3582(c)(2) for reductions in sentence based on retroactive application of Amendment 591 as Section 2255 motions); Ono v. Pontesso, No. 98-15124, 1998 WL 757068, at *1 (9th Cir. Oct. 26, 1998) (noting that a request for a modification of a sentence pursuant to an Amendment to the Sentencing Guidelines "is most properly brought as a motion under 18 U.S.C. § 3582"); see also United States v. Gilmer, No. 5:00-cr-30053, 2017 WL 4230510, at *3 (W.D. Va. Sept. 22, 2017) (stating that "a motion for a sentence reduction based on a subsequent change in the Guidelines should be filed under 18 U.S.C. § 3582); Graham v. United States, No. 4:14-cr-85-RBH-17, 2017 WL 3706222, at *1 (D.S.C. Aug. 28, 2017) ("A motion for sentence reduction based on a Guidelines amendment should be filed under 18 U.S.C. § 3582(c)(2), not 28 U.S.C. § 2255."); Boulware v. United States, 1:08-cr-00082-MR-1, 2016 WL

6986708 (W.D.N.C. Nov. 28, 2016) (stating that a petitioner must seek relief based on a retroactive amendment to the sentencing guidelines under § 3852, if at all); United States v. Mines, No. 3:09-cr-106-HEH, 2015 WL 1349648, at *1 (E.D. Va. Mar. 4, 2015) (stating that, to the extent that the petitioner "seeks a reduction in sentence pursuant to any amendment to the United States Sentencing Guidelines, he must file a separate motion for reduction of sentence pursuant to 18 U.S.C. § 3582"). Thus, the Court will dismiss this action without prejudice to allow Petitioner to bring a motion for reduction of sentence in his underlying criminal action.

## CONCLUSION

For the reasons stated herein, the Court will dismiss the motion to vacate without prejudice to in order to allow Petitioner to file a motion for a sentence reduction in his criminal action.

The Court finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are

debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: November 3, 2017

Martin Reidinger
United States District Judge